IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                            3:03cr127/LAC
                                               3:06cv220/LAC/MD

ROBERT PETTWAY

---

### <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 410). The government has filed a response (doc. 413) and the defendant has not filed a reply despite having been afforded time in which to do so. (Doc. 415). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant and eight others were charged in a single count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams of more of cocaine base. (Doc. 1). On April 16, 2004, the government filed a notice of enhancement pursuant to 21 U.S.C. § 851 indicating that the defendant was subject to enhanced penalties due to four prior felony drug convictions. (Doc. 180). Defendant moved to represent himself, (doc. 183), and subsequently withdrew the motion, through counsel. (Doc. 196). Approximately two weeks later he filed,

although through counsel, a second motion for self representation and *Faretta*[1] hearing. (Doc. 213).  After a hearing, the court granted the defendant's motion, although telling him that representing himself was "the silliest thing you've ever done."  (Doc. 356 at 13).  The defendant requested standby counsel, and the court denied the request based on defendant's previous insistence that he would not trust anyone the court appointed.  (*Id.* at 14-15).  The defendant accused the court of not wanting him to have a fair trial, but stated that he had preserved his record for appeal.  (*Id.*)

At trial, the defendant presented no witnesses and did not testify on his own behalf. He was found guilty as charged in the indictment.  Before sentencing, defendant requested appointment of counsel (doc. 278) which was granted. (Doc. 290).

The PSR reflected that defendant had a total offense level of 38 based on the quantity of drugs attributed to him and a two level adjustment because a dangerous weapon had been used in the offense.  His criminal history category was VI due to his status as a career offender pursuant to § 4B1.1 of the sentencing guidelines.   Counsel made numerous objections to the guidelines calculations, including the quantity of drugs attributed to the defendant, but the objections were irrelevant because of application of the statutory mandatory sentence of life imprisonment.  Despite the mandatory sentence, in mitigation, counsel offered the fact that unlike most drug dealers, the defendant had a personal drug problem which was the likely motivation for his involvement in the conspiracy.  (Doc. 330 at 30).  The court did not comment on this, and imposed the mandatory term of life imprisonment, a fine of $1,000 and a two year period of supervised release.  (Doc. 330 at 31).

Defendant appealed, arguing that the district court erred by permitting him to represent himself, that it abused its discretion by refusing to dismiss the indictment based on improper grand jury testimony, and that he was entitled to a new trial because the government violated its discovery obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

---

[1]*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

In the present motion, defendant claims that he received ineffective assistance of counsel at sentencing and on appeal due to various perceived errors or omissions. The government opposes the motion in its entirety.

## II. LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did

take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).   When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n. 18.

   With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

   To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).   Clearly, under these standards, counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective

for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). Similarly, while due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal, *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313.

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible

supporting evidence.  *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Failure to Argue Drug Type and Quantity; *Apprendi*, *Blakely*, and *Booker*,

Defendants' first three ineffective assistance of counsel claims are inextricably interrelated and will be addressed together.  He first contends that counsel was ineffective due to his failure to ensure that his client received the constitutional protections of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  He also contends that counsel was ineffective due to his failure to preserve and/or argue in the district court and on direct appeal *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*,  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because the district court attributed to him drug type and quantity that was not charged in the indictment and proven beyond a reasonable doubt.  Finally he claims fundamental error in reference to the district court's alleged failure to make factual findings for drug type and quantity attributed to him for the conspiracy.

Defendant's claims have absolutely no basis in fact.  The language of the indictment and the jury verdict form completely disprove the defendant's claim.  As noted above, the indictment specifically charges the nine co-conspirators with conspiracy to possess with intent to distribute "five kilograms or more of a mixture and substance containing a detectible amount of cocaine and fifty grams or more of a mixture and substance containing cocaine base, commonly known as 'crack.'" (Doc. 1 at 2).  The jury verdict also specifically

held the defendant accountable for these quantities.  (Doc. 284 at 2).  Even though it was ultimately of no consequence, counsel did object to the drug calculations in the PSR.  However, the defendant's life sentence in this case was not a result of the quantity of drugs attributed to him, or guidelines calculations, but rather his past felony drug convictions, which led to a mandatory statutory sentence.  Counsel's performance was not deficient and the defendant is not entitled to relief.

Failure to challenge *Brady* Violation[2]

Defendant next contends that a *Brady*[3] violation resulted in manifest injustice.  He also maintains that appellate counsel failed to correctly raise the issue of the government's withholding of favorable evidence.  *Brady* held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. It is no longer imperative that there be a request for the production of such evidence.  *Kyles v. Whitley*, 514 U.S. 419, 433-34, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995); *United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976);  *see also United States v. Scheer*, 168 F.3d 445, 451 (11th Cir. 1999)(material favorable, exculpatory or impeachment evidence must be produced regardless of request).

Petitioner contends that he learned after trial from co-defendant Christopher Dees that some of the same witnesses who testified at his trial had previously testified at Dees' trial, and that their testimony with respect to defendant's involvement in the conspiracy was inconsistent.  In particular, two witnesses who testified at defendant's trial that he cooked cocaine into cocaine base had previously testified that other individuals were responsible for the "cooks."  He maintains that revealing this inconsistent testimony could have made a difference in his trial.   Therefore he asserts that the government violated *Brady* and

---

[2]Although counsel did make a *Brady* argument on appeal, defendant argues here that counsel should have raised a different and additional *Brady* challenge.

[3]*Brady v. Maryland*, 373 U.S. 83, 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

*Giglio*[4] when it made no attempt to provide the transcripts from the Dees trial as discovery material, and that his conviction must be vacated as a result.  *Jacobs v. Singletary*, 952 F.2d 1282, 1287 (11th Cir. 1992).

A successful *Brady* violation claim requires a showing that: (1) the prosecution possessed evidence favorable to the accused (including impeachment evidence); (2) the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different.  *United States v. Simms,* 385 F.3d 1347, 1357 (11th Cir. 2004); *United States v. Vallejo,* 297 F.3d 1154, 1164 (11th Cir. 2002); *United States v. Schlei*, 122 F.3d 944, 989 (11th Cir. 1997).  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)); *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995); *United States v. Scheer*, 168 F.3d 445, 451-52 (11th Cir. 1999).

Defendant's argument fails on the issue of suppression.  Co-defendant Dees' trial, was held on March 15, 16 and 17, 2004.  Defendant's trial was June 7, 8, and 9, 2004.  However, the transcripts from Dees' trial were not prepared and filed until July 21-23, after the defendant's trial was completed.  (Doc. 300, 301, 303).  Defendant has not shown that the government possessed this "evidence" during his trial, or that it was suppressed.  Additionally, defendant has not shown that there is a reasonable probability that the outcome of the proceedings would have been different had he been able to read the transcripts of Dees' trial before his own trial.  The identity of the individual who actually did the "cooking" of the powder cocaine into cocaine base is not dispositive of the ultimate question of whether defendant was involved in the conspiracy.  Counsel was not ineffective for his decision not to raise this issue on appeal.

---

[4]*Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

<u>Failure to contest Notice of Enhancement</u>

Finally, defendant contends that counsel was constitutionally ineffective when he failed to contest the enhancement notice filed by the government prior to sentencing so he could challenge the prior convictions used against him.  Defendant now claims that he was not informed by either the court or his attorney that he could make a constitutional challenge to the prior convictions.  He asserts that his prior convictions were obtained by way of no contest or guilty pleas and were never a crime under the state statute at the time he entered the pleas in question because he never admitted knowledge of the drug substance.  (Doc. 410 at 25, citing *Chicone v. State* 648 So.2d 736 (Fla. 1996)).  He also claims that he was "actually innocent" of the prior convictions because he only entered the pleas because his attorneys informed him to do so, to "avoid a life sentence if he [were] to go to trial and be convicted."  Defendant maintains that he would have made the aforementioned constitutional challenges to the prior convictions had he been informed that he was allowed to do so, and he claims that because he was not permitted to do so, his sentence must be vacated.   *United States v. Mikell*, 102 F.3d 470, 477 (11th Cir. 1996) (reversible error for the district court to not permit defendant who is subject to a statutory sentence enhancement to challenge prior conviction at sentencing).

Defendant's argument ignores title 21 U.S.C. § 851(e), which states that "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."  The notice of enhancement in this case, filed on April 16, 2004, reflected that defendant was convicted in three cases (case numbers 94-5152, 95-1412 and 95-1411) on May 10, 1995, and in the remaining case (case number 97-3541) on November 26, 1997.  (Doc. 180).  Therefore, because each of the four convictions listed in the notice of enhancement were over five years old, defendant was statutorily barred from challenging the convictions.  See *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990); see also *United States v. Flores*, 5 F.3d 1070, 1082 (7th Cir. 1993).  Consequently, counsel was not ineffective for failing to bring a challenge to

these convictions and defendant is not entitled to relief.  See *Brownlee, supra; Meeks, supra; Jackson, supra.*

As a final matter, the court notes that as part of his final claim, the defendant makes the unrelated assertion that the district court erred in failing to afford him standby counsel. The district court's decisions regarding plaintiff's self-representation and its decision not to afford standby counsel were addressed on appeal. The Eleventh Circuit characterized the district court's refusal to appoint standby counsel as "understandabl[e] . . . as Pettway had indicated than any attorney appointed to represent him would not work on his behalf." (Doc. 402 at 12).  Because the issue was addressed on appeal, it may not be revisited here.  *United States v. Nyhuis*, 211 F.3d 1340, 1342 (11th Cir. 2000).


Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 410)  be DENIED.


At Pensacola, Florida, this 7th day of August, 2006.



/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).